NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000054
03-AUG-2011
08:21 AM

NO. CAAP-11-0000054

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF CONDOMINIUM HOMEOWNERS OF TROPICS AT WAIKELE,
by its Board of Directors, Plaintiff-Appellee,

v.

PATSY NAOMI SAKUMA, Defendant-Appellant,

and

FIRST HAWAIIAN BANK, a Hawaiʻi corporation;
WAIKELE COMMUNITY ASSOCIATION, a Hawaiʻi nonprofit corporation,
Defendants-Appellees,

and

JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-10;
DOE ENTITIES 1-5; and DOE GOVERNMENTAL UNITS 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1487)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over the appeal that Defendant-Appellant Patsy Naomi

Sakuma (Appellant Sakuma) has asserted from the Honorable Bert I.

Ayabe's August 31, 2010 "Judgment Based Upon Order Granting

Plaintiff's Motion for Confirmation of Sale by Commissioner,

Allowance of Costs, Expenses, Commissions and Fees, Directing

Conveyance and Distribution of Proceeds, for Writ of Possession and Disposal of Personal Property, Filed May 8, 2009" (the August 31, 2010 judgment on the order confirming the sale of the foreclosed property), because Appellant Sakuma's appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

The August 31, 2010 judgment on the order confirming the sale of the foreclosed property is an appealable judgment pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(2) (Supp. 2010). Pursuant to HRAP Rule 4(a)(3),[1] Appellant Sakuma extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the August 31, 2010 judgment on the order confirming the sale of the foreclosed property when Appellant Sakuma filed her September 10, 2010 motion for reconsideration within ten days after entry of the August 31, 2010 judgment on the order confirming the sale of the foreclosed property, as Rule 59 of the Hawai'i Rules of Appellate Procedure (HRCP) required.

However, when a party files a timely tolling motion that extends the time period for filing a notice of appeal

---

[1]     Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008). On December 9, 2010, the ninety-day time period after the filing of Appellant Sakuma's September 10, 2010 HRCP Rule 59 motion for reconsideration expired, at which time Appellant Sakuma's September 10, 2010 HRCP Rule 59 motion for reconsideration was deemed denied under HRAP Rule 4(a)(3). In light of the December 9, 2010 HRAP Rule 4(a)(3) deemed denial of Appellant Sakuma's September 10, 2010 HRCP Rule 59 motion for reconsideration, the circuit court's subsequent February 11, 2010 order purporting to deny Appellant Sakuma's September 10, 2010 HRCP Rule 59 motion for reconsideration is a superfluous nullity. Appellant Sakuma did not file her January 27, 2011 notice of appeal within thirty days after entry of the December 9, 2010 HRAP Rule 4(a)(3) deemed denial of Appellant Sakuma's September 10, 2010 HRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) required for a timely appeal from the August 31, 2010 judgment on the order confirming the sale of the foreclosed property. Therefore, Appellant Sakuma's appeal is untimely under HRAP Rule 4(a)(3).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion.  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").  Consequently, we lack appellate jurisdiction over this case.  Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000054 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 3, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-